UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY LEE HINDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00047-AGF |
| | ) |
| DONALD J. TRUMP, et al.,[1] | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Terry Lee Hinds filed a complaint in this matter titled "Petition For [Judicial] Review, Judgment or Decree and for all Writs Necessary or Appropriate to this Case as well Issue Writs Agreeable to Usages & Principles of Law." ECF No. 1. The complaint comprises 249 pages and 1,226 paragraphs, and it is substantially similar to a lawsuit he previously filed, which this Court dismissed in 2017. In this lawsuit, like the last one, Plaintiff generally alleges that the Internal Revenue Code (the "Code") establishes a religion and, as such, violates the First Amendment's Establishment and Free Exercise Clauses. Plaintiff further alleges that Defendants' actions in their official capacities within their respective agencies, violated various

---

[1] Plaintiff named as Defendants the President of the United States, the Commissioner of the Internal Revenue Service, the Secretary of the United States Department of the Treasury, and the Attorney General of the United States as Defendants, each only in his or her official capacities. As each of the named Defendants is sued solely in his or her official capacity, their successors currently in office are automatically substituted as the Defendants in this case. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

federal statutes such as the Administrative Procedure Act ("APA"), 5 U.S.C.§ 701, et seq., and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, et seq., because they infringed upon Plaintiff's religious liberty without following the "proper procedures outlined in the APA." *E.g.*, ECF No. 1, Compl. at ¶¶ 761, 766, and 771.

Plaintiff's prayer for relief states as follows:

WHEREFORE, the [Plaintiff] respectfully prays that this Court grant relief and judgement:

(1). The Court assumes jurisdiction of this case in favor of [Plaintiff] & against [Defendants], and

(2). Provides a Judicial Review, Judgement or Decree and for all writs necessary or appropriate to this case as well as issue writs agreeable to usages & principles of law, and (3). A demand for the relief & judgement sought under the claims & causes of action, showing that the [Plaintiff] is entitled to relief, and/or pursuant to 28 U.S.C. § 2202.[2]

*Id.* at 248.

The matter is now before the Court on the motion to dismiss filed by Defendants.[3] Defendants argue that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff's complaint fails to comply with Rule 8(a)'s requirement that it contain a "short and plain statement" of the grounds for the Court's jurisdiction and of the claim. Further, Defendants argue that the complaint should be

---

[2]     This statute provides: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

[3]     As Defendants correctly note, "[a]s long as the government entity receives notice and an opportunity to respond, a suit against a government employee in his official capacity is to be treated as a suit against the entity." *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). Therefore, this action is deemed as one against the United States. *Id.*

2

dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.[4]  The Court agrees that it lacks jurisdiction and will dismiss the complaint without prejudice.[5]

## BACKGROUND

Prior Lawsuit

As noted above, Plaintiff filed a similarly verbose complaint in February of 2017. *See Hinds v. United States*, Case No. 4:17-cv-00750-AGF (E.D. Mo.) (hereinafter *Hinds I*).  After initially striking that complaint for failure to comply with Rule 8(a), the Court construed Plaintiff's further filings labeled variously as "Hybrid Pleading Making a Conscientious Effort to Comply with the Court's Orders Manifesting an Amended Complaint" and as "Revelation[s]" together, as Plaintiff's amended complaint.  The Court then granted the United States' motion to dismiss that complaint for lack of subject matter jurisdiction.  *Hinds I*, ECF No. 93.  The Court reasoned that the complaint failed to demonstrate a waiver of sovereign immunity, that the Declaratory Judgment Act

---

[4] In response to Defendants' motion, Plaintiff filed an opposition brief (ECF No. 28), as well as countless lengthy "Notices" and "Declarations," many of which are unresponsive to Defendants' arguments or otherwise incoherent.  Plaintiff has also filed several motions, which are likewise largely incoherent but appear to attempt to supplement his opposition to dismissal or otherwise contest the Court's decisions on administrative issues, such as extensions of time.  *See* ECF Nos. 16 (motion for judgment on the pleadings), 22 ("motion to vacate, set aside, cancel or correct legal defects in the decision with [Defendants' motion for extension of time] & in the Court's Order [granting the extension of time] premised on substantive rule, law, rights & grounds"), 24 ("motion to dismiss [Defendants' motion to dismiss] and quash Defendants' motion. . . for legal defects"), and 26 ("motion for declaration of controlling law").  Each of these motions will be denied.

[5] Even a cursory review of Plaintiff's rambling and disjointed complaint reveals that Plaintiff has also violated Rule 8.  However, because Plaintiff is proceeding pro se, the Court elects to construe Plaintiff's pleading very liberally and to dismiss the complaint on jurisdictional grounds.

3

("DJA"), U.S.C. § 2201, did not grant the Court jurisdiction to enter declaratory judgment on the constitutionality of assessing and collecting taxes from Plaintiff, that the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), barred Plaintiff's claim for injunctive relief, and that Plaintiff otherwise failed to establish the Court's jurisdiction under any other federal statute.  *Id.*  Plaintiff thereafter filed a petition in the United States Court of Appeals for the Eighth Circuit for a writ of mandamus and a writ of prohibition, which was denied.  *Hinds I*, ECF No. 97.

Current Lawsuit

In his current complaint, Plaintiff reiterates many of the same allegations raised in *Hinds I*.  Specifically, he alleges that the Code establishes a religion of "taxism" and a "Systematic Theology of THEIRS," and that Internal Revenue System ("IRS") functions such as auditing, issuing refunds, and approving credits all create a religious relationship between the taxpayer and the government.  *E.g.*, ECF No. 1, Compl. ¶¶ 33-34, 42-44.  Plaintiff believes that these facts demonstrate Defendants acting in their official capacities violated Plaintiff's religious freedom rights under the First Amendment.

Plaintiff further alleges that his complaint presents "a controversy ripe for judicial determination" because he received an IRS Notice dated July 3, 2023, for the tax year 2021, proposing that he owes $12,080.00.  *Id.* ¶ 567.  Plaintiff has attached this IRS Notice to his complaint as an exhibit.[6]  *See* ECF No. 1-2.  In that Notice, the IRS

---

[6]   On a motion to dismiss, the Court "may consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928

4

proposed a change with respect to Plaintiff's 2021 Form 1040 tax return, based on information received from third parties such as employers or financial institutions that did not match the information Plaintiff reported on his tax return. *Id.* The Notice included a summary of the IRS proposed changes, including stating that Plaintiff would owe $9,320 in taxes, a $1,864 penalty for substantial tax understatement, and $896 in interest, totaling $12,080, to be due by August 2, 2023. *Id.* The Notice instructed Plaintiff as to the procedures he must follow in order to dispute the proposed changes. *Id.*

In response to the Notice, Plaintiff alleges that he "never filed a 2021 tax return because he is "not an IRS' Taxp[r]ayer [sic]." ECF No. 1, Compl. ¶ 571 (underlining and first brackets in original). Plaintiff also attaches to his complaint a letter dated July 28, 2023, that Plaintiff sent to the IRS in response to the Notice. In that letter, Plaintiff asserted that he did not agree with the proposed changes, and that "Terry & Sheila Hinds are NOT Taxpayers as within 26 U.S. Code §7701 . . . . [and] have not filed a 1040 Tax Forms for over 25 years." ECF No. 1-3, at 3.

Although as noted above, Plaintiff's prayer for relief does not clearly state what he wishes the Court to declare or enjoin, it can be reasonably inferred that Plaintiff seeks a declaration that he is not liable for this or any other proposed tax liability and/or an injunction preventing the IRS from assessing or collecting such liability.

In their motion to dismiss, Defendants argue, first, that the Court should dismiss the complaint because it violates the pleading requirements of Rule 8(a). Defendants

---

(8th Cir. 2022) (citation omitted). Thus, in deciding this motion, the Court may consider the IRS Notice and other correspondence attached to Plaintiff's complaint.

note that Plaintiff has a history of violating the pleading rules, given his prior lawsuit, and that dismissal for non-compliance with the Federal Rules of Civil Procedure is therefore appropriate under Rule 41(b).

Alternatively, Defendants argue that the complaint should be dismissed pursuant to Rule 12(b)(1), for lack of subject-matter jurisdiction, because this suit is actually a suit against the United States and Plaintiff has not shown a waiver of sovereign immunity.

Plaintiff's response brief and various declarations, notices, and motions, are, for the most part, nonsensical. But as far as the Court can discern, Plaintiff argues that his complaint complies with Rule 8 because other lengthy complaints have been accepted in federal courts, that application of sovereign immunity would conflict with the First Amendment, that sovereign immunity does not apply to federal officials sued in their official capacities, and that sovereign immunity has been waived by virtue of the APA and RFRA. ECF No. 28 at 18, 20-23.

Because the Court concludes that it lacks subject-matter jurisdiction over this case, it will dismiss the case without prejudice and without addressing Defendants' arguments under Rules 8 and 41(b).

**DISCUSSION**

Sovereign Immunity Precludes Jurisdiction

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (citation omitted). "Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity." *Barnes v. United States.*, 448 F.3d 1065, 1066 (8th Cir. 2006).

6

This immunity can be waived, but the waiver must be clear and unmistakable. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Courts narrowly construe such waivers. *United States v. Miller*, 145 S. Ct. 839, 853 (2025).

Although, as noted above, Plaintiff here has named as Defendants various federal employees in their official capacities instead of the United States, "lawsuits brought against employees in their official capacity represent only another way of pleading an action against an entity of which an officer is an agent," and they "may also be barred by sovereign immunity." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017); *see also Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (holding that an official-capacity claim against a federal official constituted a suit against the federal agency and was barred by sovereign immunity). Thus, "Defendants in an official-capacity action may assert sovereign immunity." *Lewis*, 581 U.S. at 163.

Here, Plaintiff has not cited, and the Court has not found, any authority indicating that sovereign immunity may be waived with respect to the type of First Amendment claims Plaintiff asserts here. When the United States has, for instance, waived sovereign immunity for claims in suits for a tax refund, that waiver is conditioned upon the taxpayer first having paid the disputed tax and then having exhausting administrative remedies. *Olson v. Soc. Sec. Admin.*, 243 F. Supp. 3d 1037, 1054 (D.N.D. 2017). Plaintiff has not alleged to have done either; rather, he claims to have not filed a tax return in over 25 years.

As to Plaintiff's challenge to the constitutionality of the doctrine of sovereign immunity, the Court notes, as it has previously, that the doctrine pre-dates the

7

Constitution and has been consistently upheld by the United States Supreme Court. *See, e.g., United States v. Thompson*, 98 U.S. 486, 489 (1878); *United States v. Lee*, 106 U.S. 196, 204 (1882); *Kansas v. United States*, 204 U.S. 331, 341 (1907).

DJA and AIA Do Not Create Jurisdiction and Instead Bar Relief

The Court also agrees with Defendants that neither the DJA nor the AIA create jurisdiction; rather, both statues bar the requested equitable relief. *See* 28 U.S.C. § 2201; 26 U.S.C. § 7421(a).

The DJA provides the courts with the authority to enter declaratory judgments in favor of "any interested party," regardless of whether further relief could be sought, "except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986."[7]  28 U.S.C. § 2201(a).  This action "pertains to taxes" and was not brought under section 7428.  Therefore, the DJA bars the Court from entering declaratory judgment regarding the constitutionality of assessing and collecting taxes from Plaintiff.  *See, e.g.*, *Hughes v. United States,* 953 F.2d 531, 537 n.3 (9th Cir. 1992) (barring action under the DJA where, although plaintiffs asserted a due process violation, the real issue was whether taxes had to be paid).

Likewise, where, as here, a "taxpayer challenges [an income tax] assessment without paying any portion of it, the suit is typically barred by the [AIA], 26 U.S.C. § 7421(a)."  *Pagonis v. United States*, 575 F.3d 809, 813 (8th Cir. 2009).  The AIA provides, in relevant part, that "no suit for the purpose of restraining the assessment or

---

[7] Section 7428 of the Internal Revenue Code provides for declaratory judgments relating to 501(c)(3) status.

collection of any tax shall be maintained in any court." 26 U.S.C. § 7421(a). A narrow and "judicially created exception to the bar applies if the government has no chance of ultimately prevailing on its claim under the most liberal view of the law and the facts at the time of suit and equity jurisdiction otherwise exists." *Pagonis*, 575 F.3d at 813.

The exception to the AIA does not apply in this case. Far from having no chance of prevailing, Defendants are likely to succeed against Plaintiff's constitutional challenge here. Courts have long held that "religious belief in conflict with the payment of taxes affords no basis for resisting the tax." *United States v. Lee*, 455 U.S. 252, 260 (1982). Courts have likewise found the federal tax system constitutional under the Establishment Clause. *See, e.g.*, *Jimmy Swaggart Ministries v. Bd. of Equalization of Cal.*, 493 U.S. 378, 394 (1990). Further, "equity jurisdiction does not otherwise exist" here to bring Plaintiff within the AIA's exception because Plaintiff has adequate remedies at law, including paying his liability and suing for a refund. *See, e.g.*, *Maze v. IRS*, 862 F.3d 1087, 1093 (D.C. Cir. 2017) (a refund suit is an adequate alternative to injunctive relief); *accord Hansen v. Dep't of Treasury*, 528 F.3d 597, 601 (9th Cir. 2007).

For these reasons, the Eighth Circuit as well as other circuit courts of appeal have routinely found similar constitutional challenges to tax assessments barred by sovereign immunity, the DJA, and the AIA. *See, e.g.*, *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996) (holding that taxpayer's request for declaratory relief based on an allegation that the IRS's notices of tax liens violated his due process, First, and Fourth Amendment rights, was barred by the DJA, which like the AIA, "forbids suits for the purpose of restraining the assessment or collection of any tax"); *Futia v. United States*, No. 23-860,

9

2024 WL 2151115, at *2 (2d Cir. May 14, 2024) (holding that the portion of a taxpayer's suit "with the 'objective aim' to declare his tax obligation void and enjoin the levying of tax owed was barred by [the DJA and AIA]"); *Hansen*, 528 F.3d at 601 (holding that under the AIA, a federal court lacked subject-matter jurisdiction over a claim by taxpayer arguing that a tax code provision violated the Free Exercise and Establishment Clauses); *Abell v. Sothen*, 214 F. App'x 743, 751 app. (10th Cir. 2007) (holding that official-capacity claims against federal officers arising out of efforts to collect taxes were barred by sovereign immunity); *We the People Found., Inc. v. United States*, 485 F.3d 140, 142–43 (D.C. Cir. 2007) ("[P]laintiffs seek to restrain the Government's collection of taxes, which is precisely what the Anti–Injunction Act prohibits, notwithstanding that plaintiffs have couched their tax collection claim in constitutional terms."). Plaintiff's complaint is likewise barred.

APA and RFRA Waivers of Sovereign Immunity Do Not Apply

Finally, the Court agrees with Defendants that neither the APA nor the RFRA waive sovereign immunity or create jurisdiction here. Plaintiff's complaint only refers to these statutes in conclusory fashion, without explaining how his claims fall within the statutes' ambit. Regardless, any waiver of sovereign immunity contained in these statutes does not apply when, as here, another statute precludes relief.

For example, the APA's waiver of sovereign immunity explicitly does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Because the AIA and DJA preclude forbid relief here, the APA's sovereign immunity waiver does not apply. *See, e.g.*, *Rivera v. Internal*

10

*Revenue Serv.*, 708 F. App'x 508, 511 (10th Cir. 2017) ("Counts 2 and 3 of the complaint, in which Columbia and the Clients seek an order enjoining the IRS' investigations, audits and notices of deficiency towards them and a declaration that they are unconstitutional and in violation of federal law, fall within the prohibitions stated in the AIA and DJA and therefore outside of the waiver of sovereign immunity provided in the APA."); *Dillon v. United States*, 620 F. Supp. 3d 856, 860 (D. Minn. 2022) (holding same with respect to taxpayer action seeking order directing IRS to consider taxpayers' offer-in-compromise to settle their tax debts).

As to the RFRA, although there is little caselaw addressing the intersection of the RFRA and the AIA or DJA, those cases that have addressed the issue have indicated that if the AIA bars suit, federal courts cannot reach the merits of an RFRA claim. *See, e.g.*, *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1157 (10th Cir. 2013) (Gorsuch, J., concurring) ("We could not, of course, reach the merits of the RFRA question if we thought the Anti–Injunction Act barred our way."), *aff'd sub nom. Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014).[8]

---

[8] In *Hobby Lobby*, then-Judge Gorsuch in his concurring opinion suggested that the AIA is not jurisdictional but, rather, a waivable defense, such that it would not bar a claim seeking to restrain the collection of taxes unless the government in fact raised the defense. *See Hobby Lobby*, 723 F.3d at 1157 (Gorsuch, J., concurring). There is conflicting authority in the Eighth Circuit regarding whether the AIA is jurisdictional or merely a waivable defense. *Compare Pagonis*, 575 F.3d at 815 (describing the AIA as a "jurisdictional bar" and affirming dismissal of tax dispute claim for lack of subject-matter jurisdiction), *with Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 818 (8th Cir. 2009) ("Where it applies, the Anti–Injunction Act does not withdraw subject matter jurisdiction from the federal courts. Rather, as its name suggests, the Anti–Injunction Act merely restricts federal courts' authority to issue a particular type of equitable relief."). But this Court need not resolve the issue because it is clear that the

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **GRANTED**. ECF No. 12.  This case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED**.

A separate Order of Dismissal will accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11 day of June, 2025.

---

AIA defense has been raised here and that it applies, such that Plaintiff's suit cannot proceed.  And because sovereign immunity also bars Plaintiff's complaint, the Court will treat the dismissal as one for lack of subject-matter jurisdiction and will dismiss the action without prejudice.  *See, e.g.*, *Murray v. United States,* 686 F.2d 1320, 1327 n. 14 (8th Cir.1982) (affirming the dismissal of appellant's claims without prejudice because, "[w]here a motion to dismiss for lack of subject matter jurisdiction is granted on grounds of sovereign immunity, the court is left without power to render judgment on the merits of the case").

12